IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DARIUS ANDERSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:19-00022 |
| **CLERK, Knoxville, TN,** | ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 7, 2019, Plaintiff, acting *pro se*, filed in this Court his letter-form Complaint seeking relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 1.) In his letter-form Complaint, Plaintiff named the Clerk of the Court from Knoxville, Tennessee as the Defendant. (Id.) Plaintiff states that he wishes to file a "civil law suit against the U.S. Office Clerk of Knoxville, TN, for not filing or responding to my civil lawsuit against the U.S. Attorney's Office – Prosecutors Kelly Norris, and the federal government for racial discrimination under the 14th amendment equal protection clause."[2] (Id.) Plaintiff explains that he is filing the above action in this District because there would be a "conflict of interest" in the Eastern District of Tennessee. (Id.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] A review of the Docket Sheet for Case No. 3:10-cr-00043, reveals that the Clerk for the Eastern District of Tennessee filed Plaintiff's "Motion to File Lawsuit Against AUSA and Subpoena for Juror to Appear" on December 11, 2018. *United States v. Anderson*, Case No. 3:10-cr-00043 (E.D.Tn. Feb. 20, 2013), Document No. 171.

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

Plaintiff asserts a claim against the Clerk of Court for the United States District Court for the Eastern District of Tennessee, who is not a resident of the State of West Virginia. Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993); In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997). Since "the West

Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp., 124 F.3d at 627-28(citation omitted); also see York v. Property and Casualty Ins. Co. of Hartford, 2013 WL 5504435 (S.D.W.Va. Oct. 3, 2013)("the statutory inquiry mergers with the constitutional inquiry, and the two inquires essentially become one.) Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" In re Celotex Corp., 124 F.3d at 628(quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provides the basis for the suit. Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 397 (4th Cir. 2003). If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Plaintiff alleges that the Defendant is the Clerk of Court, located in Knoxville, Tennessee. All of the allegations against the Defendant occurred in Tennessee. Plaintiff fails to allege any type of contact between the State of West Virginia and Defendant. Accordingly, Plaintiff's claims against Defendant should be dismissed because this Court lacks personal jurisdiction.[3]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's letter-form Complaint (Document No. 1) and remove this

---

[3] Furthermore, the undersigned notes that **Error! Main Document Only.**"both courts and their staff are entitled to judicial immunity." *Honour v. Cooper*, 174 Fed.Appx. 782, 782 (4th Cir. 2006). Judicial immunity extends to judicial officers for judicial acts taken within the court's subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Jackson v. Houck*, 181 Fed.Appx. 372 (4th Cir. 2006)("Absolute immunity 'applies to all acts of auxiliary court personnel that are basic and integral part[s] of the judicial function.'")(citation omitted); *also see Gallagher v. Lane*, 75 Fed.Appx. 440, 441(6th Cir. 2003)(a court clerk performing tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity). "When a clerk files or refuses to file a document with the court, he [or she] is entitled to immunity, provide the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 Fed.Appx. 365, 366 (6th Cir. 2001)(per curiam); *Mwonyonyi v. Gieszi*, 1990 WL 10713 (6th Cir. 1990)(deputy clerk entitled to absolute quasi-judicial immunity from damages for claim that he refused to file a document submitted by plaintiff); *McGee v. United States*, 2010 WL 3211037 (S.D.Oh. Aug. 12, 2010)(finding clerk had quasi-judicial immunity concerning allegations that clerk refused to file or improperly filed various motions, appeals, or other documents); *also see Wymore v. Green*, 2007 WL 2340795, at * 3 (10th Cir. Aug. 17, 2017)(granting quasi-judicial immunity to a clerk that allegedly refused to file a prisoner's documents); *Wilson v. Blackley*, 2015 WL 11109871, * 2 (D.S.C. May 22, 2015)(Clerk of Court entitled to absolute quasi-judicial immunity concerning allegations that the Clerk failed to respond to letters or documents).

matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 8, 2019.

Omar J. Aboulhosn
United States Magistrate Judge